UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


NIGEL REID                          )
                                    )
v.                                  )          NO. 2:05-CV-186
                                    )
OTTO PURKEY, Sheriff                )


## MEMORANDUM OPINION


*Pro se* prisoner Nigel Reid brings this petition for a writ of habeas corpus

under 28 U.S.C. § 2254, challenging the legality of his confinement under June 21,

2005 Hamblen County, Tennessee convictions for stalking and for violation of a

restraining order, which resulted in a 6-month sentence of imprisonment. The

petitioner asserts, as grounds for habeas corpus relief, that: 1) evidence obtained

through means of an unlawful arrest was admitted against him; 2) he was denied the

effective assistance of counsel; 3) he (by inference) was denied his right to a speedy

trial and 4) his convictions resulted from an unlawful conspiracy against him.

The respondent will not be required to file an answer and for the reasons

discussed below, this case will be dismissed.

A state prisoner must completely exhaust all his federal claims by fully and

fairly presenting them to the state court before seeking federal habeas corpus relief.

*Rose v. Lundy*, 455 U.S. 509 (1982). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

In this case, the petitioner acknowledges that he is currently pursuing a *pro se* appeal of his convictions. Therefore, since the petitioner has not exhausted his available state remedies, *see* 28 U.S.C. § 2254(b) and(c), this petition will be dismissed *sua sponte* without prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted); *accord, Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer), *cert. denied*, 400 U.S. 906 (1970).

A separate order will enter.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

2